UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KAREN S. BARNES and HOMER R. BARNES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No.: 3:04-CV-489 ) (VARLAN/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on the defendant's Motion to Dismiss Claims of Plaintiff Homer R. Barnes [Doc. 15] in which it is asserted that Mr. Barnes's claims must be dismissed because the Court lacks subject matter jurisdiction over his claims. Specifically, the defendant asserts that Mr. Barnes has failed to exhaust his administrative remedies, a necessary predicate to filing suit under the Federal Tort Claims Act. The Court notes at the outset that no response or opposition to the pending motion has been filed and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

The plaintiffs' claims arise from personal injuries suffered by Karen S. Barnes on November 8, 2002, while attempting to pass through a security checkpoint at the McGhee Tyson Airport in Blount County, Tennessee. [Doc. 1 at ¶¶ 5-6.] Mrs. Barnes asserts that she fell while attempting to remove her shoes in preparation for a security inspection and broke her right wrist. [*Id.* at ¶ 8-9.] The plaintiffs assert that the defendant's agency, the

Transportation Security Administration ("TSA"), was negligent in failing to maintain chairs for passengers to remove their shoes and for failing to maintain a reasonably safe environment for passengers undergoing security inspection. [*Id*. at ¶ 10.] Mr. Barnes asserts claims of loss of consortium and reimbursement for his wife's medical expenses. [*Id*. at ¶ 12.]

The plaintiffs allege that they filed an administrative claim with the TSA on October 15, 2003 and that the agency failed to respond to the claim within six months of filing. [*Id*. at ¶ 2.] The defendant has filed the declaration of Nick Panuzio [Doc. 18], the Director of the Claims Management Office for the TSA. Mr. Panuzio's office receives and logs information regarding administrative tort claims for the TSA and their records do not reflect any claim received from or on behalf of Mr. Barnes. [*Id*. at ¶¶ 3-4.]

The defendant has moved that Mr. Barnes's claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over those claims. The Court considers the defendant's motion to be an attack on the factual basis for jurisdiction over Mr. Barnes's claims, rather facial attack on the claim of jurisdiction. *See Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Accordingly, the Court may consider the evidence submitted for the limited purpose of ascertaining whether subject matter jurisdiction exists. *Pryor Oil Co. v. United States*, 299 F. Supp.2d 804, 807 (E.D. Tenn. 2003). The plaintiff has the burden of proving that the Court has subject matter jurisdiction. *Golden*, 410 F.3d at 881; *DLX*, 381 F.3d at 516. As

provided in Fed. R. Civ. P. 12(h)(3), the Court must dismiss a claim where subject matter jurisdiction is lacking.

It is well settled that the United States is immune from suit except where it has consented to be sued and that the terms of its consent define the court's jurisdiction to hear such suits. *Federal Deposit Ins. Corp v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). It is also well settled that the Federal Tort Claims Act bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). This requirement of exhaustion of administrative remedies is a jurisdictional prerequisite to the filing of an action under the Act. *McNeil*, 508 U.S. at 113; *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996); *Pryor Oil Co.*, 299 F. Supp.2d at 809. Further, a spouse's claim for loss of consortium is not exempt from this requirement. *Rucker v. Department of Labor*, 798 F.2d 891, 893 (6th Cir. 1986); *Allen v. United States*, 517 F.2d 1328, 1330 (6th Cir. 1975). Thus, if a jurisdictional prerequisite is not satisfied, this Court lacks jurisdiction to hear the claim.

On the present record, there is no evidence that Mr. Barnes has filed an administrative claim with the Transportation Security Administration, much less exhausted his administrative remedies. Accordingly, this Court lacks subject matter jurisdiction over Mr. Barnes's claims. The defendant's motion to dismiss [Doc. 15] will be granted whereby Mr.

Barnes's claims will be dismissed without prejudice and the case will proceed solely on Mrs. Barnes's claims.[1]

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] Defendant suggests that dismissal with prejudice would be appropriate because Mr. Barnes would be time-barred from now filing an administrative claim. Because the Court has determined that it lacks subject matter jurisdiction over Mr. Barnes's claims, the Court need not make a determination on the merits of his claims at this juncture.