UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KAREN S. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CV-489 |
| | ) | (VARLAN/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Karen Barnes has sued the United States under the Federal Tort Claims Act for damages for a wrist injury she suffered when preparing to go through airport security at McGhee Tyson Airport in Knoxville, Tennessee, on November 8, 2002. Plaintiff complains that she was required by the Transportation Safety Administration (TSA) security officers to remove her shoes before entering a walk through metal detector. Because defendant did not provide a chair for her to sit in while she removed her shoes, she lost her balance and fell.

The defendant has filed a motion for summary judgment [Doc. 45] arguing that plaintiff cannot show that: (1) defendant owed a duty to provide a chair for plaintiff; (2) the cause in fact of plaintiff's fall was the absence of a chair, rather than the fact that she simply lost her balance; and (3) the absence of a chair was the proximate cause of her injuries. The defendant has filed a supporting exhibits and deposition testimony, along with the declaration of Charles Brockman [Doc. 46], a memorandum of law [Doc. 47], and a reply brief with exhibits [Doc. 62]. The plaintiff has submitted a response [Doc. 56] in opposition to the

pending motion, along with supporting deposition and affidavit testimony. The defendant's motion is ripe for determination.

The Court has carefully considered the pending motion and the relevant pleadings in light of the entire record and controlling law. For the reasons set forth herein, the defendant's motion for summary judgment will be **GRANTED**.

I.  **Relevant Facts**

On November 8, 2002, plaintiff and her husband, Homer Barnes, arrived at the McGhee Tyson airport to depart for a week-long scuba diving vacation. After checking their luggage at the ticket counter, Mr. and Mrs. Barnes proceeded to the security inspection area. Plaintiff testified that she was in "very good" physical condition at the time of the incident and that she typically travels by airplane six to seven times a year.

After showing her boarding pass and identification to a security agent, plaintiff approached what is referred to as the divestiture table where travelers place personal items in a bin to be sent through the X-ray machine. The divestiture table is located immediately before the walk through metal detector. Plaintiff placed her belongings on the divestiture table and began to take her shoes off. She testified that, "As I bent down to take off my shoe, my ankle just twisted. And when I fell, I knew I had injured something." Plaintiff

acknowledges that she simply lost her balance and fell. Plaintiff testified that she was not ordered to take her shoes off; instead, she was "just doing what I knew to do."[1]

At the time of this incident, there was no chair in the screening area near the divestiture table. Plaintiff testified that it would have been very beneficial to have had a chair to sit in and take her shoes off. Plaintiff further states that if a chair had been available at or near the divestiture table, she would have sat in it before attempting to remove her shoes. However, she did not look for a chair nor did she ask anyone for a chair.

Charles Brockman, the Federal Security Director for McGhee Tyson airport, states that TSA has no record of any other incident of a passenger falling, other than plaintiff, while taking off her shoes at the divestiture table. Moreover, Mr. Brockman states that TSA was not advised of any similar incidents prior to plaintiff's when TSA took over security operations from GAT Security in September 2002.

**II.     Legal Analysis**

   A.     Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of

---

[1] However, plaintiff has also presented the testimony of Jerry Satterfield, a TSA security officer, who testified that he requested that plaintiff remove her shoes.

3

material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

B.   Duty

A negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005). The

4

defendant argues that plaintiff cannot establish the first, fourth, or fifth elements of a negligence claim.

The existence of a duty is a question of law. *Hale*, 166 S.W.3d at 716. To determine whether a particular defendant owes a duty of care to a particular defendant, the Court must balance the foreseeability and gravity of the potential harm against the feasibility and availability of alternatives that would have prevented the harm. *Id*. The most important consideration is foreseeability, because "foreseeability is the test of negligence." *Id*. at 717 (quoting *Biscan v. Brown*, 160 S.W.3d 462, 480 (Tenn. 2005)); *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994) (quoting *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992)). The pertinent inquiry is "whether there was any showing from which it can be said that the defendants reasonably knew or should have known of the probability of an occurrence such as the one which caused the plaintiff's injuries." *Eaton*, 891 S.W.2d at 594 (quoting *Doe*, 845 S.W.2d at 178)).

The defendant argues that it was not reasonably foreseeable that the plaintiff would fall and injure herself while trying to remove her shoes at the divestiture table. Defendant points to the fact that neither TSA nor its predecessor were aware of any similar previous incidents. Defendant also notes that thousands of travelers pass through the security checkpoint at McGhee Tyson daily. Thus, defendant argues that there are no facts to support a reasonably foreseeable probability that a person would be injured while attempting to remove shoes without the presence of a chair.

5

The plaintiff argues that it was both foreseeable and unavoidable that a passenger would fall due to the defendant's failure to provide chairs at or near the divestiture table. Plaintiff suggests that many passengers have been taking off their shoes at the divestiture table since the inception of the security screening process under TSA. Because no chair is available, a passenger must stand up to take off their shoes or sit on floor. Thus, she suggests that it is foreseeable that someone would be injured. Plaintiff also argues that she does not have to show a prior incident for her injury to be foreseeable. Further, the burden on TSA to provide a chair would be minimal.

After considering all the evidence, the Court agrees with the defendant. The plaintiff has presented no facts which would suggest that her injury was foreseeable. The record reflects that thousands of airline passengers had passed through the security screening measures at McGhee Tyson prior to plaintiff's injury and no similar incidents had occurred. The possibility of an injury occurring during the security screening process does not make it foreseeable. Thus, neither TSA nor its predecessor were on notice that the absence of a chair could cause a passenger to fall while removing her shoes. Moreover, there are no facts that would have alerted TSA that this particular plaintiff might be at risk for falling. The plaintiff was in good physical condition and preparing for a vacation of scuba diving. She was an experienced traveler who was familiar with the airport security procedure. She did not ask for a chair or other assistance. The plaintiff's injury was not foreseeable and therefore TSA did not have a duty to provide her a chair.

C. Causation

The defendant next argues that plaintiff cannot show the absence of a chair was either the cause in fact or the proximate cause of her injury. The defendant argues that the plaintiff's contention that she would have used a chair if one had been available is merely speculation and is insufficient to establish causation. Instead, defendant contends that the cause of plaintiff's injury was that she lost her balance in attempting to remove her shoes.

The plaintiff argues that she lost her balance because she was under the control of the TSA agents who instructed her to remove her shoes without providing a safe place to do so. The plaintiff says that the absence of a chair was a contributor to the fall, because she would not have fallen if a chair had been available. Plaintiff further points to her affidavit that she would have used a chair to remove her shoes had one been provided.

The defendant's conduct is the cause in fact of the plaintiff's injury if it directly contributed to the plaintiff's injury. *Hale*, 166 S.W.3d at 718. In other words, the Court must ask whether the plaintiff's injury would have happened "but for" the defendant's act. *Id*. Even assuming that the plaintiff would have used a chair to remove her shoes if one had been available, the absence of the chair did not contribute to plaintiff's injury. The plaintiff's injury was caused by losing her balance as she attempted to remove her shoes.

As noted in defendant's briefs, proximate cause is established by a three-part test: (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the

7

harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence. *Hale*, 166 S.W.3d at 719.

In applying those factors to this case, the absence of a chair was not a substantial factor in bringing about plaintiff's fall. The plaintiff merely lost her balance while attempting to remove her shoes. Further, as previously noted, the plaintiff's injury was not foreseeable. The record is devoid of any facts which should have alerted TSA that a passenger might be injured while removing his or her shoes or that this particular plaintiff might be at risk for falling. While the Court can envision certain factual circumstances under which TSA might be liable for a passenger's injury during the security screening process, this is not such a case. Accordingly, the Court finds that plaintiff cannot show that the absence of a chair near the divestiture table was either the cause in fact or the proximate cause of her injuries.

### III. Conclusion

For the reasons set forth herein, the Court finds that the plaintiff cannot three of the essential elements of her claim for negligence and the defendant's motion for summary judgment [Doc. 45] is hereby **GRANTED** and this case will be **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

8